

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUL 0 7 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RONALD JAMES MACNAB,

    Plaintiff,

v.

    CASE NO. 05-72408
    HON. LAWRENCE P. ZATKOFF

MICHIGAN DEPARTMENT OF COMMUNITY HEALTH,

    Defendant.
    _____/

## OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)

### I. INTRODUCTION

The Court received Plaintiff Ronald MacNab's *pro se* Complaint on June 17, 2005. Attached with Plaintiff's Complaint is Plaintiff's request to proceed without prepayment of the filing fees associated with his Complaint. For the reasons stated below, the Court GRANTS Plaintiff's request to proceed without prepayment of fees; however, the Court DISMISSES Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### II. BACKGROUND

In his Complaint, Plaintiff asserts that in 2000, he was enrolled in the county health plan. After four years, however, he was suddenly dropped and transferred to another provider. Because of this transfer, Plaintiff was no longer able to go to the medical center near his house and was forced to travel 20 miles to the nearest available clinic. Plaintiff explains that he is afraid to travel to these clinics because he is "white and these two areas are black and what I know are over run by prostitues

[sic] and crack dellers [sic]." Plaintiff bases his fear on a story he relates to the Court:

> A friend of mine broke down in a bad area. One went to call for help while my friend stayed with the car. He was shot. He used his arm and leg to protect his torso. He took all five shots in is [sic] arm and leg. I over reacted and sent an angry letter. No were [sic] in this letter was a threating [sic] coment [sic]. Saying I hope New York is hit by a nucler [sic] bomb is not a threat it is a statement.

*Complaint*, at 1.

Plaintiff also asserts that in 2001 he began taking the drug Diazepam in order to treat muscle spasms in his back and legs. The drug acts as a muscle relaxer. In 2005, when his doctor was switched, the new doctor informed him that she was not going to continue giving him Diazepam, and that he would need to find another doctor to prescribe the drug. In response, Plaintiff explains, "I became angry and over reated [sic] again and sent the only threatening letter I made to Community Health Center. It was all for nothing because I was sent back to my old docter [sic]."

After being sent back to his old doctor, Plaintiff was informed by Defendant Michigan Department of Community Health that his enrollment in his HMO was terminated. Based on this termination, Plaintiff asserts that he may no longer go to the doctor located near his home and that the only way for him to obtain Diazepam is if his 83-year old father pays the doctor $70 to get a three months supply. Without the drug, Plaintiff asserts that he has to drink alcohol, but that unlike Diazepam, the alcohol slows his reaction time.

### III. ANALYSIS

#### A. Plaintiff's Request to Proceed without Prepayment of Fees

Plaintiff has filed a motion to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense

2

of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied with a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiffs' financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed without prepayment of fees.

### B. Dismissal Under § 1915(e)(2)

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss" the case at any time if the court finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. A complaint

3

fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Court finds that Plaintiff's Complaint is frivolous under §1915(e)(2)(B)(i). Plaintiff's Complaint has no arguable basis in law. *See Neitzke*, at 323.

The Court also finds that Plaintiff's Complaint fails to state a proper claim. Plaintiff asserts that his HMO coverage was terminated, thereby preventing him from being able to afford the drug Diazepam. Such an assertion, however, does not state a valid cause of action and fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). *See Schied*, at 436; *see Hendrock*, at 574. Plaintiff offers the Court no cognizable theory of recovery, nor does Plaintiff even allege that the termination of his benefits was wrongful. Because the Court has no discretion to allow the Plaintiff to amend his Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint for filing a frivolous complaint and for failing to state a claim upon which relief can be granted. *See McGore*, at 612.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed without prepayment of costs is GRANTED; however, the Court HEREBY DISMISSES Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

Dated: **JUL 07 2005**

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\bloomfie\Desktop\Bloomfield Files\Bloomfield Files\pro se\05-72408.macnab.dismiss.wpd